IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO SALDANA, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> L. E. SCRIBNER, Warden, ) <br> ) <br> Respondent. ) <br> _____ ) | No. C 06-02126 JW (PR) <br><br> ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY <br><br><br><br> (Docket No. 19) |

This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. The Court granted respondent's motion to dismiss on statute of limitations grounds. Petitioner has filed a notice of appeal and a request for a certificate of appealability. (Docket No. 19.)

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. See Slack v. McDaniel, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed

United States District Court
For the Northern District of California

on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. See id.

The petition was dismissed because the statute of limitations deadline was November 9, 2005, this petition was not filed until March 22, 2006, and petitioner's only argument for not dismissing, that circumstances warrant equitable tolling to save the petition from being untimely, was unavailing. Because jurists of reason would not find this conclusion debatable or wrong, the request for a certificate of appealability (Docket No. 19) is DENIED.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals. See Fed. R.App.P. 22(b); United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997). Petitioner may then ask the Court of Appeals to issue the certificate, see R.App.P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, see R.App.P. 22( b)(2).

DATED: January 7, 2009

JAMES WARE
United States District Judge

Order Denying COA
P:\PRO-SE\SJ.JW\HC.06\Saldana02126_coa.wpd                2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RODOLFO SALDANA,

          Petitioner,

  v.

L.E. SCRIBNER, Warden,

          Respondent.

Case Number: CV06-02126 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  1/14/2009 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rodolfo Saldana V-01168
Pleasant Valley State Prison
P. O. Box 8503
Coalinga, Ca 93210-8503

Dated:  1/14/2009

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk